UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. | |
|      Plaintiffs, | Case No. 2:15-cv-01543 |
| v. | **Jury Trial Demanded** |
| 3S-SMART SOFTWARE SOLUTIONS, GMBH | **ANSWER AND COUNTERCLAIMS TO COMPLAINT** |
|      Defendant. | |

Defendant 3S-Software Solutions, GmbH ("3S"), through its undersigned attorneys,

hereby answers the Complaint ("Complaint") filed by Plaintiff Rockwell Automation, Inc.

("Rockwell") and states its affirmative defenses and counterclaims as follows:

### THE PARTIES[1]

1.     3S is without knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 1 of the Complaint and therefore denies them.

2.     3S admits the allegations contained in paragraph 2 of the Complaint.

### NATURE OF ACTION, JURISDICTION, AND VENUE.

3.     3S admits that Plaintiff brings claims for patent infringement under the patent

laws of the United States, 35 U.S.C. § 101, *et seq.*, including § 271, but denies that the action has

any legal merit.  3S denies all other allegations set forth in paragraph 3 of the Complaint.

---

[1] The headings found in the Complaint are repeated herein in part for convenience only. 3S denies any factual allegations or legal conclusions contained in the headings.

4.      3S admits and that this Court has subject matter jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1338(a), but denies that the action has any legal merit.

5.      3S admits it maintains an interactive website accessible in the forum through

which 3S offers products, such as its CODESYS software platform and related products,

including CODESYS v2.3 and CODESYS v3.5.  3S denies that these products infringe, induce

infringement of, and/or contribute to the infringement of the patents asserted in this litigation, or

any other patents.  3S denies all other allegations set forth in paragraph 5 of the Complaint.

6.      3S denies the allegations set forth in paragraph 6 of the Complaint.

7.      3S denies the allegations set forth in paragraph 7 of the Complaint.

8.      3S established minimum contacts with the District that are sufficient to establish

personal jurisdiction over 3S.  3S also denies that it has committed or continues to commit acts

of patent infringement in this or in any other District, and denies all other allegations set forth in

paragraph 8 of the Complaint.

9.      3S does not contest that venue may lie in this District as a technical matter, but 3S

maintains that venue more properly lies outside of this District.  3S also denies that it has

committed or continues to commit acts of patent infringement in this or any other District.  3S

denies all other allegations set forth in paragraph 9 of the Complaint.

**THE PATENTS-IN-SUIT**

10.      3S admits U.S. Patent No. 5,619,409 ("the '409 patent") was issued on the date

indicated on its face, with the title indicated on its face.  3S is without knowledge or information

sufficient to form a belief as to the remaining allegations contained in paragraph 10 of the

Complaint and therefore denies them.

11.     3S admits that Rockwell purports to be the owner of the '409 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint and therefore denies them.

12.     3S denies the allegations set forth in paragraph 12 of the Complaint.

13.     3S admits U.S. Patent No. 5,636,124 ("the '124 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 13 of the Complaint and therefore denies them.

14.     3S admits that Rockwell purports to be the owner of the '124 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint and therefore denies them.

15.     3S denies the allegations set forth in paragraph 15 of the Complaint.

16.     3S admits U.S. Patent No. 5,812,133  ("the '123 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 16 of the Complaint and therefore denies them.

17.     3S admits that Rockwell purports to be the owner of the '133 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint and therefore denies them.

18.     3S denies the allegations set forth in paragraph 18 of the Complaint.

19.     3S admits U.S. Patent No. 5,818,711  ("the '711 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information

sufficient to form a belief as to the remaining allegations contained in paragraph 19 of the Complaint and therefore denies them.

20.     3S admits that Rockwell purports to be the owner of the '711 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and therefore denies them.

21.     3S denies the allegations set forth in paragraph 21 of the Complaint.

22.     3S admits U.S. Patent No. 5,844,795  ("the '795 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 22 of the Complaint and therefore denies them.

23.     3S admits that Rockwell purports to be the owner of the '795 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint and therefore denies them.

24.     3S denies the allegations set forth in paragraph 24 of the Complaint.

25.     3S admits U.S. Patent No. 5,845,149  ("the '149 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 25 of the Complaint and therefore denies them.

26.     3S admits that Rockwell purports to be the owner of the '149 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the Complaint and therefore denies them.

27.     3S denies the allegations set forth in paragraph 27 of the Complaint.

28.     3S admits U.S. Patent No. 5,940,293  ("the '293 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 28 of the Complaint and therefore denies them.

29.     3S admits that Rockwell purports to be the owner of the '293 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint and therefore denies them.

30.     3S denies the allegations set forth in paragraph 30 of the Complaint.

31.     3S admits U.S. Patent No. 6,138,174  ("the '174 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 31 of the Complaint and therefore denies them.

32.     3S admits that Rockwell purports to be the owner of the '174 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of the Complaint and therefore denies them.

33.     3S denies the allegations set forth in paragraph 33 of the Complaint.

34.     3S admits U.S. Patent No. 6,247,168  ("the '168 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 34 of the Complaint and therefore denies them.

35.     3S admits that Rockwell purports to be the owner of the '168 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 of the Complaint and therefore denies them.

36.     3S denies the allegations set forth in paragraph 36 of the Complaint.

37.     3S admits U.S. Patent No. 6,675,226  ("the '226 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 37 of the Complaint and therefore denies them.

38.     3S admits that Rockwell purports to be the owner of the '226 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 of the Complaint and therefore denies them.

39.     3S denies the allegations set forth in paragraph 39 of the Complaint.

40.     3S admits U.S. Patent No. 6,816,817  ("the '817 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 40 of the Complaint and therefore denies them.

41.     3S admits that Rockwell purports to be the owner of the '817 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Complaint and therefore denies them.

42.     3S denies the allegations set forth in paragraph 42 of the Complaint.

43.     3S admits U.S. Patent No. 6,978,225  ("the '225 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 43 of the Complaint and therefore denies them.

44.     3S admits that Rockwell purports to be the owner of the '225 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 of the Complaint and therefore denies them.

45.     3S denies the allegations set forth in paragraph 45 of the Complaint.

46.     3S admits U.S. Patent No. 7,130,704  ("the '704 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 46 of the Complaint and therefore denies them.

47.     3S admits that Rockwell purports to be the owner of the '704 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 of the Complaint and therefore denies them.

48.     3S denies the allegations set forth in paragraph 48 of the Complaint.

49.     3S admits U.S. Patent No. 7,143,366  ("the '366 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 49 of the Complaint and therefore denies them.

50.     3S admits that Rockwell purports to be the owner of the '366 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 of the Complaint and therefore denies them.

51.     3S denies the allegations set forth in paragraph 51 of the Complaint.

52.     3S admits U.S. Patent No. 7,693,585  ("the '585 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information

sufficient to form a belief as to the remaining allegations contained in paragraph 52 of the Complaint and therefore denies them.

53.    3S admits that Rockwell purports to be the owner of the '585 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 53 of the Complaint and therefore denies them.

54.    3S denies the allegations set forth in paragraph 54 of the Complaint.

55.    3S admits U.S. Patent No. 7,716,567  ("the '567 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 55 of the Complaint and therefore denies them.

56.    3S admits that Rockwell purports to be the owner of the '567 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 of the Complaint and therefore denies them.

57.    3S denies the allegations set forth in paragraph 57 of the Complaint.

58.    3S admits U.S. Patent No. 7,836,122  ("the '122 patent") was issued on the date indicated on its face, with the title indicated on its face.  3S is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 58 of the Complaint and therefore denies them.

59.    3S admits that Rockwell purports to be the owner of the '122 Patent but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 59 of the Complaint and therefore denies them.

60.    3S denies the allegations set forth in paragraph 60 of the Complaint.

## **Count 1 – Infringement of U.S. Patent No. 5,619,409**

61.     3S incorporates by reference each of its responses set forth in paragraphs 1-60 above.

62.     3S denies the allegations set forth in paragraph 62 of the Complaint.

63.     3S denies the allegations set forth in paragraph 63 of the Complaint.

64.     3S denies the allegations set forth in paragraph 64 of the Complaint.

65.     3S denies the allegations set forth in paragraph 65 of the Complaint.

66.     3S denies the allegations set forth in paragraph 66 of the Complaint.

67.     3S denies the allegations set forth in paragraph 67 of the Complaint.

68.     3S denies the allegations set forth in paragraph 68 of the Complaint.

69.     3S denies the allegations set forth in paragraph 69 of the Complaint.

70.     3S denies the allegations set forth in paragraph 70 of the Complaint.

71.     3S denies the allegations set forth in paragraph 71 of the Complaint.

## **Count 2 – Infringement of U.S. Patent No. 5,636,124**

72.     3S incorporates by reference each of its responses set forth in paragraphs 1-71 above.

73.     3S denies the allegations set forth in paragraph 73 of the Complaint.

74.     3S denies the allegations set forth in paragraph 74 of the Complaint.

75.     3S denies the allegations set forth in paragraph 75 of the Complaint.

76.     3S denies the allegations set forth in paragraph 76 of the Complaint.

77.     3S denies the allegations set forth in paragraph 77 of the Complaint.

78.     3S denies the allegations set forth in paragraph 78 of the Complaint.

79.     3S denies the allegations set forth in paragraph 79 of the Complaint.

80.     3S denies the allegations set forth in paragraph 80 of the Complaint.

81.     3S denies the allegations set forth in paragraph 81 of the Complaint.

82.     3S denies the allegations set forth in paragraph 82 of the Complaint.

**Count 3 – Infringement of U.S. Patent No. 5,812,133**

83.     3S incorporates by reference each of its responses set forth in paragraphs 1-82

above.

84.     3S denies the allegations set forth in paragraph 84 of the Complaint.

85.     3S denies the allegations set forth in paragraph 85 of the Complaint.

86.     3S denies the allegations set forth in paragraph 86 of the Complaint.

87.     3S denies the allegations set forth in paragraph 87 of the Complaint.

88.     3S denies the allegations set forth in paragraph 88 of the Complaint.

89.     3S denies the allegations set forth in paragraph 89 of the Complaint.

90.     3S denies the allegations set forth in paragraph 90 of the Complaint.

91.     3S denies the allegations set forth in paragraph 91 of the Complaint.

92.     3S denies the allegations set forth in paragraph 92 of the Complaint.

93.     3S denies the allegations set forth in paragraph 93 of the Complaint.

**Count 4 – Infringement of U.S. Patent No. 5,818,711**

94.     3S incorporates by reference each of its responses set forth in paragraphs 1-93

above.

95.     3S denies the allegations set forth in paragraph 95 of the Complaint.

96.     3S denies the allegations set forth in paragraph 96 of the Complaint.

97.     3S denies the allegations set forth in paragraph 97 of the Complaint.

98.     3S denies the allegations set forth in paragraph 98 of the Complaint.

99.    3S denies the allegations set forth in paragraph 99 of the Complaint.

100.    3S denies the allegations set forth in paragraph 100 of the Complaint.

101.    3S denies the allegations set forth in paragraph 101 of the Complaint.

102.    3S denies the allegations set forth in paragraph 102 of the Complaint.

103.    3S denies the allegations set forth in paragraph 103 of the Complaint.

104.    3S denies the allegations set forth in paragraph 104 of the Complaint.

105.    3S denies the allegations set forth in paragraph 105 of the Complaint.

### Count 5 – Infringement of U.S. Patent No. 5,844,795

106.    3S incorporates by reference each of its responses set forth in paragraphs 1-105 above.

107.    3S denies the allegations set forth in paragraph 107 of the Complaint.

108.    3S denies the allegations set forth in paragraph 108 of the Complaint.

109.    3S denies the allegations set forth in paragraph 109 of the Complaint.

110.    3S denies the allegations set forth in paragraph 110 of the Complaint.

111.    3S denies the allegations set forth in paragraph 111 of the Complaint.

112.    3S denies the allegations set forth in paragraph 112 of the Complaint.

113.    3S denies the allegations set forth in paragraph 113 of the Complaint.

114.    3S denies the allegations set forth in paragraph 114 of the Complaint.

115.    3S denies the allegations set forth in paragraph 115 of the Complaint.

116.    3S denies the allegations set forth in paragraph 116 of the Complaint.

### Count 6 – Infringement of U.S. Patent No. 5,845,149

117.    3S incorporates by reference each of its responses set forth in paragraphs 1-116 above.

118.   3S denies the allegations set forth in paragraph 118 of the Complaint.

119.   3S denies the allegations set forth in paragraph 119 of the Complaint.

120.   3S denies the allegations set forth in paragraph 120 of the Complaint.

121.   3S denies the allegations set forth in paragraph 121 of the Complaint.

122.   3S denies the allegations set forth in paragraph 122 of the Complaint.

123.   3S denies the allegations set forth in paragraph 123 of the Complaint.

124.   3S denies the allegations set forth in paragraph 124 of the Complaint.

125.   3S denies the allegations set forth in paragraph 125 of the Complaint.

126.   3S denies the allegations set forth in paragraph 126 of the Complaint.

127.   3S denies the allegations set forth in paragraph 127 of the Complaint.

## Count 7 – Infringement of U.S. Patent No. 5,940,293

128.   3S incorporates by reference each of its responses set forth in paragraphs 1-127 above.

129.   3S denies the allegations set forth in paragraph 129 of the Complaint.

130.   3S denies the allegations set forth in paragraph 130 of the Complaint.

131.   3S denies the allegations set forth in paragraph 131 of the Complaint.

132.   3S denies the allegations set forth in paragraph 132 of the Complaint.

133.   3S denies the allegations set forth in paragraph 133 of the Complaint.

134.   3S denies the allegations set forth in paragraph 134 of the Complaint.

135.   3S denies the allegations set forth in paragraph 135 of the Complaint.

136.   3S denies the allegations set forth in paragraph 136 of the Complaint.

137.   3S denies the allegations set forth in paragraph 137 of the Complaint.

138.   3S denies the allegations set forth in paragraph 138 of the Complaint.

**Count 8 – Infringement of U.S. Patent No. 6,138,174**

139.    3S incorporates by reference each of its responses set forth in paragraphs 1-138

above.

140.    3S denies the allegations set forth in paragraph 140 of the Complaint.

141.    3S denies the allegations set forth in paragraph 141 of the Complaint.

142.    3S denies the allegations set forth in paragraph 142 of the Complaint.

143.    3S denies the allegations set forth in paragraph 143 of the Complaint.

144.    3S denies the allegations set forth in paragraph 144 of the Complaint.

145.    3S denies the allegations set forth in paragraph 145 of the Complaint.

146.    3S denies the allegations set forth in paragraph 146 of the Complaint.

147.    3S denies the allegations set forth in paragraph 147 of the Complaint.

148.    3S denies the allegations set forth in paragraph 148 of the Complaint.

149.    3S denies the allegations set forth in paragraph 149 of the Complaint.

**Count 9 – Infringement of U.S. Patent No. 6,247,168**

150.    3S incorporates by reference each of its responses set forth in paragraphs 1-149

above.

151.    3S denies the allegations set forth in paragraph 151 of the Complaint.

152.    3S denies the allegations set forth in paragraph 152 of the Complaint.

153.    3S denies the allegations set forth in paragraph 153 of the Complaint.

154.    3S denies the allegations set forth in paragraph 154 of the Complaint.

155.    3S denies the allegations set forth in paragraph 155 of the Complaint.

156.    3S denies the allegations set forth in paragraph 156 of the Complaint.

157.    3S denies the allegations set forth in paragraph 157 of the Complaint.

158.   3S denies the allegations set forth in paragraph 158 of the Complaint.

159.   3S denies the allegations set forth in paragraph 159 of the Complaint.

160.   3S denies the allegations set forth in paragraph 160 of the Complaint.

**Count 10 – Infringement of U.S. Patent No. 6,675,226**

161.   3S incorporates by reference each of its responses set forth in paragraphs 1-160

above.

162.   3S denies the allegations set forth in paragraph 162 of the Complaint.

163.   3S denies the allegations set forth in paragraph 163 of the Complaint.

164.   3S denies the allegations set forth in paragraph 164 of the Complaint.

165.   3S denies the allegations set forth in paragraph 165 of the Complaint.

166.   3S denies the allegations set forth in paragraph 166 of the Complaint.

167.   3S denies the allegations set forth in paragraph 167 of the Complaint.

168.   3S denies the allegations set forth in paragraph 168 of the Complaint.

169.   3S denies the allegations set forth in paragraph 169 of the Complaint.

170.   3S denies the allegations set forth in paragraph 170 of the Complaint.

171.   3S denies the allegations set forth in paragraph 171 of the Complaint.

**Count 11 – Infringement of U.S. Patent No. 6,816,817**

172.   3S incorporates by reference each of its responses set forth in paragraphs 1-171

above.

173.   3S denies the allegations set forth in paragraph 173 of the Complaint.

174.   3S denies the allegations set forth in paragraph 174 of the Complaint.

175.   3S denies the allegations set forth in paragraph 175 of the Complaint.

176.   3S denies the allegations set forth in paragraph 176 of the Complaint.

177.    3S denies the allegations set forth in paragraph 177 of the Complaint.

178.    3S denies the allegations set forth in paragraph 178 of the Complaint.

179.    3S denies the allegations set forth in paragraph 179 of the Complaint.

180.    3S denies the allegations set forth in paragraph 180 of the Complaint.

181.    3S denies the allegations set forth in paragraph 181 of the Complaint.

182.    3S denies the allegations set forth in paragraph 182 of the Complaint.

## Count 12 – Infringement of U.S. Patent No. 6,978,225

183.    3S incorporates by reference each of its responses set forth in paragraphs 1-182

above.

184.    3S denies the allegations set forth in paragraph 184 of the Complaint.

185.    3S denies the allegations set forth in paragraph 185 of the Complaint.

186.    3S denies the allegations set forth in paragraph 186 of the Complaint.

187.    3S denies the allegations set forth in paragraph 187 of the Complaint.

188.    3S denies the allegations set forth in paragraph 188 of the Complaint.

189.    3S denies the allegations set forth in paragraph 189 of the Complaint.

190.    3S denies the allegations set forth in paragraph 190 of the Complaint.

191.    3S denies the allegations set forth in paragraph 191 of the Complaint.

192.    3S denies the allegations set forth in paragraph 192 of the Complaint.

193.    3S denies the allegations set forth in paragraph 193 of the Complaint.

## Count 13 – Infringement of U.S. Patent No. 7,130,704

194.    3S incorporates by reference each of its responses set forth in paragraphs 1-193

above.

195.    3S denies the allegations set forth in paragraph 195 of the Complaint.

196.    3S denies the allegations set forth in paragraph 196 of the Complaint.

197.    3S denies the allegations set forth in paragraph 197 of the Complaint.

198.    3S denies the allegations set forth in paragraph 198 of the Complaint.

199.    3S denies the allegations set forth in paragraph 199 of the Complaint.

200.    3S denies the allegations set forth in paragraph 200 of the Complaint.

201.    3S denies the allegations set forth in paragraph 201 of the Complaint.

202.    3S denies the allegations set forth in paragraph 202 of the Complaint.

203.    3S denies the allegations set forth in paragraph 203 of the Complaint.

204.    3S denies the allegations set forth in paragraph 204 of the Complaint.

## Count 14 – Infringement of U.S. Patent No. 7,143,366

205.    3S incorporates by reference each of its responses set forth in paragraphs 1-204 above.

206.    3S denies the allegations set forth in paragraph 206 of the Complaint.

207.    3S denies the allegations set forth in paragraph 207 of the Complaint.

208.    3S denies the allegations set forth in paragraph 208 of the Complaint.

209.    3S denies the allegations set forth in paragraph 209 of the Complaint.

210.    3S denies the allegations set forth in paragraph 210 of the Complaint.

211.    3S denies the allegations set forth in paragraph 211 of the Complaint.

212.    3S denies the allegations set forth in paragraph 212 of the Complaint.

213.    3S denies the allegations set forth in paragraph 213 of the Complaint.

214.    3S denies the allegations set forth in paragraph 214 of the Complaint.

215.    3S denies the allegations set forth in paragraph 215 of the Complaint.

### Count 15 – Infringement of U.S. Patent No. 7,693,585

216.    3S incorporates by reference each of its responses set forth in paragraphs 1-215 above.

217.    3S denies the allegations set forth in paragraph 217 of the Complaint.

218.    3S denies the allegations set forth in paragraph 218 of the Complaint.

219.    3S denies the allegations set forth in paragraph 219 of the Complaint.

220.    3S denies the allegations set forth in paragraph 220 of the Complaint.

221.    3S denies the allegations set forth in paragraph 221 of the Complaint.

222.    3S denies the allegations set forth in paragraph 222 of the Complaint.

223.    3S denies the allegations set forth in paragraph 223 of the Complaint.

224.    3S denies the allegations set forth in paragraph 224 of the Complaint.

225.    3S denies the allegations set forth in paragraph 225 of the Complaint.

226.    3S denies the allegations set forth in paragraph 226 of the Complaint.

### Count 16 – Infringement of U.S. Patent No. 7,716,567

227.    3S incorporates by reference each of its responses set forth in paragraphs 1-226 above.

228.    3S denies the allegations set forth in paragraph 228 of the Complaint.

229.    3S denies the allegations set forth in paragraph 229 of the Complaint.

230.    3S denies the allegations set forth in paragraph 230 of the Complaint.

231.    3S denies the allegations set forth in paragraph 231 of the Complaint.

232.    3S denies the allegations set forth in paragraph 232 of the Complaint.

233.    3S denies the allegations set forth in paragraph 233 of the Complaint.

234.    3S denies the allegations set forth in paragraph 234 of the Complaint.

235.   3S denies the allegations set forth in paragraph 235 of the Complaint.

236.   3S denies the allegations set forth in paragraph 236 of the Complaint.

237.   3S denies the allegations set forth in paragraph 237 of the Complaint.

### Count 17 – Infringement of U.S. Patent No. 7,836,122

238.   3S incorporates by reference each of its responses set forth in paragraphs 1-237 above.

239.   3S denies the allegations set forth in paragraph 239 of the Complaint.

240.   3S denies the allegations set forth in paragraph 240 of the Complaint.

241.   3S denies the allegations set forth in paragraph 241 of the Complaint.

242.   3S denies the allegations set forth in paragraph 242 of the Complaint.

243.   3S denies the allegations set forth in paragraph 243 of the Complaint.

244.   3S denies the allegations set forth in paragraph 244 of the Complaint.

245.   3S denies the allegations set forth in paragraph 245 of the Complaint.

246.   3S denies the allegations set forth in paragraph 246 of the Complaint.

247.   3S denies the allegations set forth in paragraph 247 of the Complaint.

248.   3S denies the allegations set forth in paragraph 248 of the Complaint.

### PRAYER FOR RELIEF

Plaintiff's Prayer for Relief sets forth requests for relief to which no response is required. To the extent necessary, 3S denies that Plaintiff is entitled to any of the requested relief, or to any relief at all.

### DEMAND FOR JURY TRIAL

Plaintiff's request for a jury trial does not include any factual allegations to which a response is required by 3S.  3S demands a trial by jury on all issues so triable.

## GENERAL DENIAL

3S further denies each and every allegation contained in the Complaint which 3S has not specifically admitted, denied, or otherwise responded to herein.

## 3S's AFFIRMATIVE DEFENSES

Subject to the responses above, and incorporating to the extent necessary the allegations of 3S's counterclaims below, 3S alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  3S reserves the right to amend its Answer to expand or assert further defenses, to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules, the patent laws of the United States, or as otherwise allowed, as more information becomes available in the present action.

### First Affirmative Defense
### Forum Non Conveniens

249.    3S asserts the Eastern District of Texas is a forum non conveniens for litigating this action and should be transferred pursuant to 28 U.S.C. § 1404.  This case has no meaningful connection to this District; neither party is a resident of this District, and the overwhelming majority of the activity and evidence that is at issue in this case has occurred or is located outside of this District and outside of Texas.  Additionally, an adequate alternative forum is available where the suit may have been brought, the public and private factors weigh in favor of transfer, and Plaintiff can litigate its suit in the alternative forum without undue inconvenience or prejudice.

## Second Affirmative Defense
## Non-Infringement of the Patents-in-Suit

250.     3S has not infringed any valid claim of the Patents-in-Suit either directly or

indirectly, literally or under the doctrine of equivalents, nor has 3S induced or contributed to

such infringement by others.

## Third Affirmative Defense
## Invalidity of the Patents-in-Suit

251.     The claims of the Patents-in-Suit are invalid for failure to comply with the

requirements of patentability specified in 35 U.S.C. § 1, *et. seq.*, including but not limited to 35

U.S.C. §§ 101, 102, 103, and/or 112.

## Fourth Affirmative Defense
## Unclean Hands

252.     The doctrine of unclean hands bars all, or part, of Plaintiff's claims and/or bars

Plaintiff from obtaining all, or part, of the relief it seeks with regard to the Patents-in-Suit.

## Fifth Affirmative Defense
## Laches

253.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## Sixth Affirmative Defense
## Equitable Estoppel

254.     Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable

estoppel.

## Seventh Affirmative Defense
## Statutory Limitation on Damages

255.     Plaintiff's claims for damages are limited pursuant to the statutory limitations on

damages set forth in 35 U.S.C. §§ 286, 287, and/or 288.

**Eighth Affirmative Defense**
**Statutory Limitation on Damages for Governmental Sales**

256.    Plaintiff's claims for damages are limited pursuant to 28 U.S.C. § 1498(a), to the

extent that Rockwell seeks liability or damages based on government use of any 3S software.

**Ninth Affirmative Defense**
**Prosecution History Laches**

257.    Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution

history laches.

**Tenth Affirmative Defense**
**Waiver**

258.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**Eleventh Affirmative Defense**
**Prosecution History Estoppel and/or Disclaimer**

259.    Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution

history estoppel, prosecution disclaimer, and/or due to statements or amendments made during

prosecution of the Patents-in-Suit or of any related patents and/or applications, or during any

other proceedings before the U.S. Patent and Trademark Office or in any court.

**Twelfth Affirmative Defense**
**Failure to Mark or Provide Notice**

260.    Plaintiff's claims for damages are barred and/or limited, in whole or in part,

because Plaintiffs', their predecessors-in-interest, and/or their licensees failed to give notice of

products that practice the Patents-in-Suit by marking such products or otherwise notifying 3S of

the alleged infringement as required by 35 U.S.C. § 287.

**Thirteenth Affirmative Defense**
**Patent Exhaustion**

261.    Plaintiff's claims are barred, in whole or in part, under the doctrines of patent

exhaustion, collateral estoppel, and/or first sale.

**Fourteenth Affirmative Defense**
**Breach of Contract**

262.     Plaintiff's claims are barred, in whole or in part, by their breach of any contractual

obligations to, among others, the Institute of Electrical and Electronics Engineers ("IEEE"), the

International Electrotechnical Commission ("IEC"), the International Society of Automation

("ISA"), the National Electrical Manufacturers Association ("NEMA"), the OPC Foundation, the

Open DeviceNet Vendora Association ("ODVA") and the PLCOpen Standard-Setting

Organizations ("SSOs"), and to their members and implementers of standard-compliant products,

to license any standard-essential patents ("SEPs") on terms that are: (a) royalty free; and/or (b)

fair, reasonable and non-discriminatory ("FRAND").

**Fifteenth Affirmative Defense**
**Breach of Implied Covenant**

263.     Plaintiff's claims are barred, in whole or in part, by its breach of the implied

covenant of good faith and fair dealing with respect to obligations to the IEEE, the IEC, the ISA,

the NEMA, the OPC Foundation, the ODVA and the PLCOpen SSOs, their members, and

implementers of standard-compliant products, to license any SEPs.

**Sixteenth Affirmative Defense**
**Promissory Estoppel**

264.     Plaintiff's claims are barred, in whole or in part, by promissory estoppel arising

from its obligations to the IEEE, the IEC, the ISA, the NEMA, the OPC Foundation, the ODVA

and PLCOpen, and to their members and implementers of standard compliant products, to

license any SEPs.

## Seventeenth Affirmative Defense
### License

265.     On information and belief, Plaintiff's claims are barred, in whole or in part, as a result of licensing agreements Plaintiff has entered into with 3S's customers including at least Beckhoff Automation, WAGO, and any other customer of 3S.

## COUNTERCLAIMS

Defendant and Counter-claimant 3S-Smart Software Solutions, GmbH ("3S"), through its undersigned attorneys, hereby pleads the following counterclaims against Plaintiff and Counterclaim-Defendant Rockwell Automation, Inc. ( "Rockwell"), and in support thereof alleges as follows:

## PARTIES

1.     3S is a corporation organized and existing under the laws of Germany with its principal place of business in Kempten, Germany.

2.     On information and belief, Rockwell is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Wisconsin.

3.     Rockwell purports to be the owner of U.S. Patent Nos. 5,619,409; 5,636,124; 5,812,133; 5,818,711; 5,844,795; 5,845,149; 5,940,293; 6,138,174; 6,247,168; 6,675,226; 6,816,817; 6,978,225; 7,130,704; 7,143,366; 7,693,585; 7,716,567; and 7,836,122 (collectively the "Patents-in-Suit").

4.     By the Complaint, Rockwell alleges that 3S infringes the Patents-in-Suit.

5.     3S denies that it infringes any valid claim of the Patents-in-Suit.

6.     An actual controversy exists between 3S and Rockwell regarding the invalidity and alleged infringement of the Patents-in-Suit.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28

U.S.C. §§ 1331, 1338, 2201, and 2202, the Patent Laws of the United States set forth in 35

U.S.C. § 100, *et seq*, and the Federal Rules of Civil Procedure.

8.      This Court has personal jurisdiction over Counterclaim-Defendant by virtue of the

Complaint filed in this Court by Counterclaim-Defendant.

9.      To the extent that venue is proper for Counterclaim Defendant's claims, venue is

also proper for these Counterclaims under 28 U.S.C. §§ 1391 and 1400.  Counterclaim-

Defendant has consented to venue in this district by bringing this action.  In addition, a

substantial part of the events or omissions giving rise to these claims occurred in this judicial

district.

## FIRST COUNTERCLAIM
## DECLARATION OF NON-INFRINGEMENT OF THE PATENTS-IN-SUIT

10.     Paragraphs 1-9 of the Counterclaims are incorporated herein by reference.

11.     Counterclaim-Defendant alleges that 3S has infringed and continues to infringe

the Patents-in-Suit.

12.     3S has not infringed and is not infringing any valid and enforceable claim of the

Patents-in-Suit.

13.     3S is entitled to and requests a declaratory judgment that it has not infringed any

valid and enforceable claim of the Patents-in-Suit.

## SECOND COUNTERCLAIM
## DECLARATION OF INVALIDITY OF THE PATENTS-IN-SUIT

14.     Paragraphs 1-13 of the Counterclaims are incorporated herein by reference.

15.     Counterclaim-Defendant alleges that the Patents-in-Suit are valid and enforceable.

16.     Each claim of the Patents-in-Suit are invalid for failing to satisfy one of more requirements of patentability set forth in 35 U.S.C. § 1, *et seq*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

17.     3S is entitled to and requests a declaratory judgment that each claim of the Patents-in-Suit is invalid.

## THIRD COUNTERCLAIM
### BREACH OF CONTRACT

18.     Paragraphs 1-17 of the Counterclaims are incorporated herein by reference.

19.     On information and belief, Counterclaim-Defendant is a member of, or has entered in to agreements with certain SSOs agreeing to grant royalty free licenses and/or making FRAND commitments related to the Patents-in-Suit to the extent necessary to practice the applicable standards.  Those SSOs of which Rockwell is a member, or has made such commitments may include: the IEEE, the IEC, the ISA, the NEMA, the OPC Foundation, the ODVA, and PLCOpen.

20.     On information and belief, Counterclaim-Defendant is or was contractually obligated to offer a license to its SEPs in a manner consistent with the representations contained in the agreements it entered into with SSOs and in accordance with the SSO's IP policies.

21.     On information and belief, by participating in the SSOs, Counterclaim-Defendant promised to adhere to the policies and to offer licenses to SEPs royalty free or on FRAND terms.

22.     Counterclaim-Defendant has breached its express and/or implied commitments to the SSOs by bringing the present suit.

23.     As a result of these breaches, 3S has been injured in its business or property, and is threatened by imminent loss of profits, loss of customers, and loss of goodwill.

24.     As a remedy for these breaches, to the extent the Patents-in-Suit are SEPs that are valid, enforceable, and infringed, 3S respectfully requests the equitable remedy of specific performance by Counterclaim-Defendant of its obligations to provide a royalty free license or license on FRAND terms to the Patents-in-Suit.

25.     In the alternative, 3S requests that the Patents-in-Suit be held unenforceable.

26.     As an additional remedy for Counterclaim-Defendants breaches, 3S respectfully requests damages in an amount to be proven at trial.

## FOURTH COUNTERCLAIM
### BREACH OF IMPLIED COVENANT

27.     Paragraphs 1-26 of the Counterclaims are incorporated herein by reference.

28.     On information and belief, and as discussed above, Counterclaim-Defendant entered into specific licensing commitments with SSOs that obligated Counterclaim-Defendant to provide licenses to certain patents, including the Patents-in-Suit, royalty free or subject to FRAND terms.

29.     Counterclaim-Defendant's contractual commitments contain a covenant implied by law that Counterclaim-Defendant and its successors-in-interest, would deal with 3S in a good faith and with fair dealing, would take no actions to deprive 3S of its benefits as a third-party beneficiary under Counterclaim-Defendant's contractual commitments, and would take such actions as necessary to protect 3S's enjoyment of its rights under Counterclaim-Defendant's contractual commitments.

30.     Counterclaim-Defendant has breached the covenant of good faith and fair dealing implied in its agreements with the SSOs by bringing the present suit.

31.     Through the foregoing acts, Counterclaim-Defendant has unfairly, in bad faith, arbitrarily, and unreasonably, with a motive to intentionally frustrate 3S's enjoyment of its rights under Counterclaim-Defendant's licensing commitments to the SSOs, prevented 3S from receiving the benefits 3S was entitled to receive under those commitments.

32.     As a result of these breaches, 3S has been injured in its business or property, and is threatened by imminent loss of profits, loss of customers, and loss of goodwill.

33.     As a remedy for those breaches, to the extent that the Patents-in-Suit are SEPs that are valid, enforceable, and infringed, 3S respectfully requests the equitable remedy of specific performance by Counterclaim-Defendant of its obligations to provide a royalty free license or license on FRAND terms to the Patents-in-Suit.

34.     In the alternative, 3S requests that the Patents-in-Suit be held unenforceable.

35.     As an additional remedy for Counterclaim-Defendant's breaches, 3S respectfully requests damages in an amount proven at trial.

## FIFTH COUNTERCLAIM
## PROMISSORY ESTOPPEL

36.     Paragraphs 1-35 of the Counterclaims are incorporated herein by reference.

37.     On information and belief, and as discussed above, Counterclaim-Defendant made representations and engaged in other conduct, including representations that it and its successors would license the Patents-in-Suit, to the extent they are essential to applicable standards, on royalty free or FRAND terms.

38.     Counterclaim-Defendant's representations and other conduct constituted promises to the SSOs and numerous third-party beneficiaries, including 3S and other implementers of the standards.  By making these promises, Counterclaim-Defendant knew or reasonably should have known that they would be relied upon.

39.     The SSOs and their members, and third-party beneficiaries including 3S, reasonably relied on the foregoing promises in adopting the relevant standards.  3S reasonably relied on the foregoing promises, and the applicable standards, in investing substantial resources into developing and marketing the products accused of alleged infringement by Counterclaim-Defendant.

40.     3S has been damaged as a result of its reasonable reliance as alleged herein, in developing, marketing, selling, and using products that comply with the standards to which Counterclaim-Defendant has alleged the Patents-in-Suit are essential.  Injustice can be avoided only by enforcement of the promises so relied on.

## EXCEPTIONAL CASE

41.     On information and belief, this is an exceptional case and warrants 3S an award of its costs, expenses, and reasonable attorneys' fees incurred in the present action pursuant to 35 U.S.C. § 285 because, among other reasons, Plaintiffs/Counterclaim-Defendants knew or should have known that 3S does not infringe any valid claim of the Patents-in-Suit, the claims of the Patents-in-Suit are invalid, the claims of the Patents-in-Suit claim ineligible subject matter under 35 U.S.C. § 101, the Patents-in-Suit are SEPs subject to royalty free and FRAND licensing obligations with SSOs, and the Patents-in-Suit are subject to existing licensing agreements with 3S's customers.  Continuing its infringement accusations against 3S under these circumstances amounts to unjustified and vexatious litigation compelling an award of exceptional case fees.

## JURY DEMAND

3S requests a jury trial on all issues so triable, whether raised by the Plaintiff's Complaint, by 3S's Counterclaims, or by any other claims asserted for trial in the present action.

**PRAYER FOR RELIEF**

WHEREFORE, 3S requests that the Court enter judgment in its favor and against

Plaintiff/Counterclaim-Defendant as follows:

a.      A judgment dismissing with prejudice the Complaint  and declaring that

Plaintiff/Counter-Defendant is not entitled to any relief in the present action;

b.      A declaratory judgment that 3S has not infringed, literally or under the doctrine of

equivalents, any valid claim of the asserted Patents-in-Suit;

c.      A declaratory judgment that the asserted claims of the Patents-in-Suit are invalid;

d.      A declaration that the Alleged Standard-Essential Patents are unenforceable due

to the breach of contractual obligations to the SSOs to license the Alleged Standard-

Essential Patents on terms that are, royalty free and/or in a manner that is, fair,

reasonable, and non-discriminatory;

e.      A declaration that the Alleged Standard-Essential Patents are unenforceable due

to the breach of the covenant of good faith and fair dealing with respect to contractual

obligations to the SSOs to license their alleged SEPs on royalty free or FRAND terms;

f.      A judgment requiring Rockwell's specific performance under their contractual

obligations with the SSOs to grant licenses to the Alleged Standard-Essential Patents to

3S on royalty free or fair, reasonable, and non-discriminatory terms and conditions as

applicable;

g.      An award to 3S for the amount of damages as proven at trial;

h.      A judgment declaring that this is an exceptional cases under 35 U.S.C. § 285;

i.      An award to 3S of reasonable attorneys' fees, costs, and expenses incurred in the

present action;

j.      Such further equitable or other relief as the Court deems just and proper.

Respectfully submitted this 8th day of February, 2016:

SUTHERLAND ASBILL & BRENNAN, LLP

By:  */s/ Ann G. Fort*

Ann G. Fort
Georgia Bar No. 269995
Robert R.L. Kohse
Georgia Bar No. 863748
999 Peachtree St. NE Suite 2300
Atlanta, GA 30309
Phone: 404-853-8000
Email:  ann.fort@sutherland.com
        rob.kohse@sutherland.com

*Attorneys for 3S-Smart Software Solutions, GmbH.*

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on the 8th day of February, 2016, the foregoing document was filed electronically with the Court's ECF system, which caused an electronic copy to be served on all counsel of record.


*/s/ Ann G. Fort*
Ann G. Fort