**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ROCKWELL AUTOMATION, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-cv-01543-JRG-RSP |
| 3S-SMART SOFTWARE SOLUTIONS, | § | |
| GMBH | § | |
| Defendant | § | |

**DOCKET CONTROL ORDER**

In accordance with the scheduling conference held in this case, it is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| March 6, 2017 | *Jury Selection – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap. |
|---|---|
| February 17, 2017 | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne. |
| February 1, 2017 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| January 30, 2017 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, and Responses to Motions *in Limine* |
| January 23, 2017 | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |

| January 16, 2017 | File Motions *in Limine* |
| | The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| January 16, 2017 | Serve Objections to Rebuttal Pretrial Disclosures |
| January 2, 2017 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| December 27, 2016 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| December 5, 2016 | Deadline to Complete Expert Discovery |
| November 28, 2016 | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions) |
| | No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| November 7, 2016 | Serve Disclosures for Rebuttal Expert Witnesses |
| October 24, 2016 | Deadline to File Motions to Compel Discovery |
| October 17, 2016 | Deadline to Complete Fact Discovery |
| October 17, 2016 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| October 3, 2016 | *Deadline to File Letter Briefs Regarding Dispositive Motions |
| September 23, 2016 | Deadline to Complete Mediation |
| | The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. |
| September 16, 2016 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| August 26, 2016 | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne. |
| August 12, 2016 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| August 5, 2016 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |

| July 29, 2016 | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
|---|---|
| Jully 15, 2016 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |
| July 15, 2016 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| July 1, 2016 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| June 24, 2016 | File Response to Amended Pleadings |
| June 10, 2016 | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| June 3, 2016 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| May 13, 2016 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| April 22, 2016 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| April 4, 2016 | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| March 14, 2016 | *File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures)<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| March 7, 2016 | *File Proposed Docket Control Order and Proposed Discovery Order<br><br>The Proposed Docket Control Order and Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |
| February 29, 2016 | Join Additional Parties |

| February 25, 2016 | *File Notice of Mediator |
|---|---|
| February 8, 2016 | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) |

(*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**: The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached. If the parties do not reach an agreement, the Court will appoint a mediator. The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions**: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted. Letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Indefiniteness**: In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**: The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)  The fact that there are motions for summary judgment or motions to dismiss pending;

(b)  The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)  The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO")**: Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining

deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO**: The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."

**SIGNED this 9th day of March, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE