# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 2:15-cv-01543-JRG-RSP |
| 3S-SMART SOFTWARE SOLUTIONS, GMBH, | |
| Defendant. | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff  Rockwell Automation, Inc. ("Rockwell"), and Defendant 3S-Smart Software Solutions, GmbH ("3S"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

As used in the Protective Order, these terms have the following meanings:

- "CONFIDENTIAL" documents are documents designated pursuant to paragraph 1.

- "RESTRICTED – ATTORNEYS' EYES ONLY" documents are documents designated pursuant to paragraphs 8 and 9.

- "RESTRICTED CONFIDENTIAL SOURCE CODE" documents are documents designated pursuant to paragraphs 8 and 10.

- "Action" means the above-captioned matter and any actions or proceedings involving both Parties to the above-captioned matter, and any appeal thereof.

- "DESIGNATED MATERIAL" is material designated pursuant to paragraph 3.

- "documents" are all materials within the scope of FED. R. CIV. P. 34.

- "Outside Vendors" means litigation support services including persons working for or as court reporters, graphics or design services, jury or trial consulting services, language translators and interpreters, messenger, copy, coding and other clerical services including photocopy, document imaging, document processing and conversion, archiving and database services, electronic document processing firms and personnel and related vendors retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

- "Party" means a Party to this lawsuit or a third Party that has been duly served with a deposition notice by a Party to this lawsuit pursuant to FED. R. CIV. P. 30 and/or with a subpoena by a Party to this lawsuit pursuant to FED. R. CIV. P. 45.

- "Protected Material" shall have the meaning set forth in paragraph 1.

- "Requesting Party" shall have the meaning set forth in paragraph 20.

- "Source Code Material" shall have the meaning set forth in paragraph 8.

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material, which includes, but is not limited to, documents, interrogatory responses, other discovery responses, and portions of transcripts, that

constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or persons who are not Parties to this Action ("Third Party") to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice  of  the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With     respect     to     documents,     information     or     material     designated "CONFIDENTIAL,"  "RESTRICTED  -  ATTORNEYS'  EYES  ONLY,"  or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.    Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL and/or with a designation that was lower than the Party believes it is entitled to,  may, within ten (10) days after the producing Party actually discovers that such inadvertent production occurred, amend its discovery responses and notify the other Party in writing that such document should have been designated as DESIGNATED MATERIAL and/or as DESIGNATED MATERIAL subject to a higher designation than it was produced with and shall simultaneously provide     replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and shall destroy or redesignate any documents, information or material derived from or based thereon. Notwithstanding the foregoing, the receiving Party does not waive any right it has to

challenge the designation or redesignation of any such materials.

5.  "CONFIDENTIAL" documents, information and material may be disclosed only to the

following persons, except upon receipt of the prior written consent of the designating party,

upon order of the Court, or as set forth in paragraph 12 herein:

(a)  outside counsel of record in this Action for the Parties; outside counsel for 3S at Boehmert & Boehmert: Michael Rueberg and Dennis Kretschmann; and outside counsel for Rockwell at Grünecker: Mr. Thomas Kronberger and Mr. Dietmar Kuhl;

(b)  employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)  in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, including employees assigned to and reasonably necessary to assist such in-house counsel in the litigation of this Action;

(d)  up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent.  Before access to DESIGNATED MATERIAL is given to any such designated representative, the Parties shall meet and confer in good faith to appoint such designated representatives for each party;

(e)  outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least six (6) days before access to the Protected Material is to be given to that consultant or expert, to permit the other Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert within five (5) days of receiving notice from the receiving Party. The Parties agree to confer promptly and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the

objection notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of establishing the non-independence of such person from the Party seeking to provide the information and the need for such person to be prevented from seeing the information, and the objecting party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order, or until the objecting Party fails to file a motion with the Court seeking a protective order within the timeframe outlined above (at which point the objection is deemed to be waived);

(f)     independent litigation support services ("Outside Vendors"), including persons working for or as court reporters, graphics or design services, jury or trial consulting services, language translators and interpreters, messenger, copy, coding and other clerical services including photocopy, document imaging, document processing and conversion, archiving and database services, electronic document processing firms and personnel and related vendors retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)     the Court and its personnel;

(h)     persons shown on the face of the document to have authored or received it, any person who has previously seen or was aware of it, and/or the producing Party or its designated representatives (e.g. 30(b)(6) witnesses); and

(i)     other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall sign the Undertaking attached as Exhibit A hereto

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED

MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions – including electronic databases – shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."   A Party shall designate documents, information or material as "RESTRICTED – ATTORNEYS' EYES ONLY" only upon a good faith belief that the documents, information or material is entitled to protection from disclosure and relates to, among other things, trade secrets, pending patent applications, research and development or other highly sensitive technical information, highly sensitive business plans, or business-related financial information including abstracts, summaries, or information derived therefrom.   A designation of material by a Party as "RESTRICTED CONFIDENTIAL SOURCE CODE" shall constitute a representation to the Court that the designating Party in good faith believes that the material so designated is entitled to substantially heightened protection from disclosure and contains Source Code Material.

9.     For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-i); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to the following two in-house counsel for Rockwell: John M. Miller and R. Scott Speroff.

10.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below.  Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or local counsel.  In the case of source code being provided by Defendant, Defendant shall make its source code available for inspection at its lead counsel's office in New York, NY. In the case of source code being provided by Plaintiff, Plaintiff shall make its source code available for inspection at its lead counsel's office in New York, NY, or other location upon mutual agreement by counsel for both Parties;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m., on days not classified as weekends or holidays under the Federal Rules of Civil Procedure. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.  The

reviewing Party may request source code analysis software (e.g., Microsoft Visual Studio) be installed on the Source Code Computer, with any license to that software to be obtained by the reviewing Party;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or to prepare internal attorney work product materials, consulting expert written analyses, and related drafts and correspondences provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately b o u n d , stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE. For the avoidance of doubt, redacting the portions of source code (including comments) that appear in a Source Code Document would negate the need to either treat the entire document, or those pages, as RESTRICTED CONFIDENTIAL SOURCE CODE; however, to the extent that a given document also contains RESTRICTED – ATTORNEYS' EYES ONLY information or CONFIDENTIAL information designated as such pursuant to this Order, the document shall still be entitled to any appropriate protections pursuant to this Order;

(g)     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically such as any pleadings or other papers of any Party (including expert reports and preparation for depositions).   Documents prepared by any Party's counsel or at that Party's direction (such as briefs, expert reports, and other legal documents) that contain excerpts of source code may be stored on a server maintained by counsel and made available over a network;

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others to help in his or her analysis, whose independence shall be assessed under Paragraph 5(e), shall count as a disclosure to a single consultant or expert.

(h)     The producing Party shall make available a printer for on-site printing during inspection of the code.   The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.   Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.   Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

11.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party who receives and reviews the other Party's non-financial Protected Material that is designated RESTRICTED ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL") under this Order, other than any such HIGHLY SENSITIVE MATERIAL

that is included in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons who received and reviewed non-financial Protected Material designated HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, without intending to waive the claim of privilege associated with such documents, information or other material, may, within ten days after the producing

Party actually discovers that such inadvertent protection occurred, amend its discovery response and notify the other Party that such document was inadvertently produced and should have been withheld as privileged.  Once the producing Party provides such notice to the receiving Party, the receiving Party must take reasonable efforts to promptly return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. If the claim of privilege is disputed, a single copy of the documents, information or other material at issue may be retained by the receiving Party for the exclusive purpose of seeking a prompt judicial determination of the matter.  The parties shall engage in reasonable meet-and-confer efforts to resolve any disputes concerning whether such documents, information or other materials are actually privileged.  If, after a reasonable effort to meet-and-confer to resolve any disputes concerning whether any such documents, information or other materials are privileged, the receiving Party may seek court intervention.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the claim of privilege may be maintained.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or

entities.

15.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16.     Parties may, at the deposition or hearing or within seven (7) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Unless otherwise agreed, the entire deposition or hearing transcript

shall be treated as "RESTRICTED – ATTORNEYS' EYES ONLY" until seven days following receipt of the final transcript.

17.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.     Upon the failure of the filing or lodging Party to properly designate information, any Party or third Party who in good faith believes that designation and filing under seal is required may move the Court to file said information under seal within fourteen (14) days of learning of the defective filing or lodging.

19.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20.     A Party (the "Requesting Party") may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. Any such DESIGNATED MATERIAL shall be treated as originally designated until the change is completed. If the designating Party does not agree to redesignation within ten

(10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.     To the extent that any discovery is taken of Third Parties and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order, as provided below.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL", "RESTRICTED -- ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE", any documents, information or other material, in whole or in part, produced or given by such documents, information or other material, in whole or in part, produced or given by such Third Parties subject to the

same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

24.   Upon request by the producing Party, within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.   The Party shall provide a certification as to such return or destruction within the thirty-day period.  Attorneys may retain those materials that are part of the record, that have been filed with the court, or that are attorney drafts or working copies of materials that have been filed with the court. Furthermore, attorneys may retain copies of all pleadings, motions, orders, written discovery, deposition transcripts and exhibits, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order.  Attorneys may also retain any correspondence generated in connection with the action.  Neither party shall be required to search emails or back-up

drives for documentation.

25.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify

this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

30.     It is not the intent of the parties, or of the Court, that an attorney or law firm that acquires knowledge of or is given access to CONFIDENTIAL, RESTRICTED – ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE information pursuant to this Order should thereby be disqualified from other representations adverse to the producing Party on account of such knowledge or access, other than as specified herein.

31.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

32.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a Party-client or, in the course thereof, relying upon his or her knowledge of CONFIDENTIAL, RESTRICTED – ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE information; provided, however, that in rendering such advice the attorney shall not disclose any CONFIDENTIAL, RESTRICTED – ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE information received from a producing Party to unauthorized persons.

33.     The obligations imposed by the Protective Order shall survive the termination of this Action.

34.     As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open

proceedings wherever possible.  Furthermore, absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order absent future court orders.  Upon motion of the Party designating a document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**SIGNED this 21st day of June, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., | Civil Action No. 2:15 cv 01543-JRG-RSP |
| Plaintiff, | |
| v. | PROTECTIVE ORDER |
| 3S-SMART SOFTWARE SOLUTIONS, GMBH, | |
| Defendant. | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

3.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.  I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

4.  As soon as practical, but no later than 30 days after I receive notice of final termination of

this action and a written request from the attorney(s) who retained me, I shall, at my option,  return to the attorney from whom I have received them, or destroy, all documents and things designated as        "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.   If I elect to destroy such documents, I shall inform the attorney from whom I have received them, in writing and with my signature, that I have done so.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____