**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ROCKWELL AUTOMATION, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:15-cv-01543 |
| 3S-SMART SOFTWARE SOLUTIONS, GMBH, | § § § | |
| Defendant. | § § | |

**NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION ON THE PLEADINGS THAT THE ASSERTED CLAIMS OF THE '817, '225, AND '567 PATENTS ARE INVALID FOR FAILURE TO CLAIM PATENTABLE SUBJECT MATTER**

**I. Introduction**

Defendant 3S-Smart Software Solutions, GmbH ("3S") respectfully notifies the Court of two recent decisions by the United States Court of Appeals for the Federal Circuit, both of which issued on September 23, 2016: (1) *Affinity Labs of Texas, LLC v. DirecTV, LLC*, No. 2015-1845 (Fed. Cir. Sept. 23, 2016); and (2) *Affinity Labs of Texas, LLC v. Amazon.com Inc.*, No. 2015-2080 (Fed. Cir. Sept. 23, 2016). Both decisions are relevant to 3S's current Motion on the Pleadings that the Asserted Claims of the '817, '225, and '567 Patents are Invalid for Failure to Claim Patentable Subject Matter [Dkt. No. 69, "Motion"]. Briefing on 3S's Motion closed on September 22, 2016.

*A. Affinity Labs v. DirecTV*

In *Affinity Labs v. DirecTV*, the Federal Circuit applied the two-part test from *Alice Corp. v. CLS Bank Int'l.*, 134 S. Ct. 2347, 2355 (2014) to affirm a decision from the Western District of Texas that the challenged claim is drawn to an abstract idea, and fails to meet the standard for patent eligibility under 35 U.S.C. § 101. The challenged claim from U.S. Patent No. 7,970,379 recites:

> 1. A broadcast system, comprising:
>
> a network based resource maintaining information associated with a network available representation of a regional broadcasting channel that can be selected by a user of a wireless cellular telephone device; and
>
> a non-transitory storage medium including an application configured for execution by the wireless cellular telephone device that when executed, enables the wireless cellular telephone device:
>
> to present a graphical user interface comprising at least a partial listing of available media sources on a display associated with the wireless cellular telephone device, wherein the listing includes a selectable item that enables user selection of the regional broadcasting channel;
>
> to transmit a request for the regional broadcasting channel from the wireless cellular telephone device; and

> to receive a streaming media signal in the wireless cellular telephone device corresponding to the regional broadcasting channel, wherein the wireless cellular telephone device is outside of a broadcast region of the regional broadcasting channel, wherein the wireless cellular telephone device is configured to receive the application via an over the air download.

*Affinity Labs v. DirecTV*, slip op. at 2-3.  The Court observed that, "stripped of excess verbiage," the claim is directed to an out-of-region broadcast system for a cellphone that "(1) requests and receives network-based content from the broadcaster via a streaming signal, (2) is configured to wirelessly download an application for performing those functions, and (3) contains a display that allows the user to select particular content." *Id*. at 3.  That concept is "untethered to any specific or concrete way of implementing it. . . and can be implemented in myriad ways." *Id*. at 7.

Applying step one of *Alice*, the Court explained that nothing in the claim "is directed to *how* to implement out-of-region broadcasting on a cellular telephone. Rather, the claim is drawn to the idea itself." *Id*. at 8 (emphasis in original).  Furthermore, the claims are not directed to "an improvement in cellular telephones but simply to the use of cellular telephones as tools in the aid of a process focused on an abstract idea." *Id*. at 15.  Taking all these together, the Court found the claim is directed to an abstract idea.

Turning to step two of *Alice*, the Federal Circuit found no additional features constituting an "inventive concept" that go beyond "well-understood, routine, conventional activity." *Id*. at 15.  Instead, the Court found that the "claim simply recites the use of generic features of cellular telephones, such as a storage medium and a graphical user interface, as well as routine functions, such as transmitting and receiving signals, to implement the underlying idea. That is not enough." *Id*., at 15-16.

The Court also rejected plaintiff's argument that "presenting a graphical user interface on a cellular telephone capable of listing contents for streaming" was novel as of the priority date. *Id*. at 16. Even if true, the Court reasoned, that purported novelty "does not avoid the problem of abstractness." *Id*. at 17. Citing *Electric Power v. Alstom*, the Court noted that the functional description of the claims "does not cross out of the abstract idea category." *Affinity Labs*, slip op. at 17. In conclusion, the Court observed:

> In applying the principles emerging from the developing body of law on abstract ideas under section 101, this court has noted that claims that are "so result-focused, so functional, as to effectively cover any solution to an identified problem" are frequently held ineligible under section 101. *Elec. Power Grp.*, slip op. at 12. That is true in this case, as the claims are drafted in a way that would effectively cover any wireless delivery of out-of-region broadcasting content to a cellular telephone via a network.

*Id*. at 21.

### B. *Affinity Labs v. Amazon.com*

Applying similar reasoning, the Federal Circuit in *Affinity Labs v. Amazon.com* also affirmed the Western District's holding that the challenged claims of U.S. Patent No. 8,688,085 are directed to an abstract idea. The representative[1] challenged claim recites:

> 14. A media system, comprising:
>     a network based media managing system that maintains a library of content that a given user has a right to access and a customized user interface page for the given user;

---

[1] In *Affinity Labs v. Amazon.com*, plaintiff did not concede that claim 14 is representative of the other challenged independent claims (claims 1 and 8). However, the Federal Circuit found claim 14 is representative because "[Affinity Labs] has not shown how independent claims 1 and 8 differ materially from claim 14. Moreover, while Affinity refers in passing to several of the dependent claims, it presents no substantive argument as to the separate patentability of those claims. Because Affinity has failed to present 'any meaningful argument for the distinctive significance of any claim limitations' other than those in claim 14, *Electric Power Group, LLC v. Alstom S.A.*, No. 2015-1778 (Fed. Cir. Aug. 1, 2016), slip op. at 4, we treat claim 14 as representative of all the claims for purposes of this appeal." *Affinity Labs v Amazon.com*, slip op. at 3, n. 2.

3

> a collection of instructions stored in a non-transitory storage medium and configured for execution by a processor of a handheld wireless device, the collection of instructions operable when executed: (1) to initiate presentation of a graphical user interface for the network based media managing system; (2) to facilitate a user selection of content included in the library; and (3) to send a request for a streaming delivery of the content; and
> 
> a network based delivery resource maintaining a list of network locations for at least a portion of the content, the network based delivery resource configured to respond to the request by retrieving the portion from an appropriate network location and streaming a representation of the portion to the handheld wireless device.

Applying step one of *Alice*, the Court found claim 14 is purely functional and directed to an abstract idea:

> Claim 14, in turn, recites (1) a "media managing system" that maintains a library of content, (2) a "collection of instructions" that are "operable when executed" by a handheld wireless device to request streaming delivery of the content, and (3) a "network based delivery resource" that retrieves and streams the requested content to the handheld device. At that level of generality, the claims do no more than describe a desired function or outcome, without providing any limiting detail that confines the claim to a particular solution to an identified problem. <u>The purely functional nature of the claim confirms that it is directed to an abstract idea, not to a concrete embodiment of that idea.</u>

*Id*. at 7 (emphasis added). The Court also rejected plaintiff's argument that the "customized user interface" limitation saves the claim, because "[l]ike the basic concept of tailoring content to a user, as in *Intellectual Ventures I*, the basic concept of customizing a user interface is an abstract idea." *Id* at 10.

Applying step two of *Alice*, the Court found no inventive concept, because:

> representative claim 14 is written in largely functional terms, claiming "a collection of instructions" that perform the functions of displaying a selection of available content on a graphical user interface and allowing the user to request streaming of that content. The claims thus do not go beyond "stating [the relevant] functions in general terms, without limiting them to technical means for performing the functions that are arguably an advance over

4

> conventional computer and network technology." *Elec. Power Grp.*, slip op. at 2.

*Id*. at 10-11. The Federal Circuit concluded that:

> the patent in this case is not directed to the solution of a "technological problem," . . . nor is it directed to an improvement in computer or network functionality . . . . It claims the general concept of streaming user-selected content to a portable device. The addition of basic user customization features to the interface does not alter the abstract nature of the claims and does not add an inventive component that renders the claims patentable.

*Id*., at 12 (internal citations omitted).

## II. Conclusion

Similar to the *Affinity Labs* decisions, in the current case brought by Rockwell, "the patent[s] in this case involve the conveyance and manipulation of information using [network] communication and computer technology. . . the components [are] conventional and [are] used in conventional ways." *Affinity Labs v. DirecTV*, slip op. at 13. As explained in 3S's Motion, the asserted claims of the three patents fail both steps of *Alice*, and thus Rockwell's complaint does not contain sufficient factual matter, even when accepted as true, to state a claim for relief that is plausible on its face.

This 26th day of September, 2016.

                                                                  Respectfully submitted,

                                                                  */s/ Ann G. Fort*
                                                                 Ann G. Fort (GA Bar No. 269995)
                                                                 Robert R. L. Kohse (GA Bar No. 863748)
                                                                 Walter S. Freitag (GA Bar No. 510393)
                                                                 Sutherland Asbill & Brennan LLP
                                                                 999 Peachtree Street, NE
                                                                 Suite 2300
                                                                 Atlanta, GA 30309
                                                                 Phone: 404-853-8000
                                                                 Fax: 404-853-8806

Email:  ann.fort@sutherland.com
rob.kohse@sutherland.com
walter.freitag@sutherland.com

Paul J. Skiermont (TX Bar No. 24033073)
Alexander E. Gasser (Wis. Bar No. 1022659)
Steven W. Hartsell (TX Bar No. 24040199)
Steven J. Udick (TX Bar No. 24079884)
Skiermont Derby LLP
2200 Ross Avenue, Suite 4800W
Dallas, TX 75201
Phone: 214-978-6600
Email: paul.skiermont@skiermontderby.com
agasser@skiermontderby.com
shartsell@skiermontderby.com
sudick@skiermontderby.com

Jason D. Mazingo
The Mazingo Firm, PC
305 South Broadway
Suite 404
Tyler, TX 75702
Phone:  903-630-7123
Fax:  903-218-7849
Email:  jason@mazingofirm.com

*ATTORNEYS FOR DEFENDANT*
*3S-SMART SOFTWARE SOLUTIONS, GMBH*

6

## **CERTIFICATE OF SERVICE**

This is to certify that on the September 26, 2016, the foregoing document was filed electronically with the Court's ECF system, which caused an electronic copy to be served on all counsel of record.

*/s/ Ann Fort*
Ann G. Fort